**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

GILBERT EARL BOYD,

  Defendant-Appellant.

No. 05-6315

(W.D. Oklahoma)

(D.C. No. CR-05-60-L)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On June 13, 2005, Gilbert Earl Boyd pleaded guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Mr. Boyd to 151 months' imprisonment, including a 120-

---

<sup>*</sup> This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

month term of imprisonment on the first count and a 31-month sentence on the second count, to be served consecutively. Mr. Boyd appeals the sentence, contending that it is unreasonable because the district court relied too heavily on the Sentencing Guidelines and improperly imposed consecutive sentences. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

On April 2, 2005, a grand jury returned a five-count indictment against Mr. Boyd, who had previously been convicted of a felony. The indictment charged offenses committed on three different dates: (1) possession of a firearm, on April 13, 2002; (2) possession with intent to distribute cocaine base, (3) possession of a firearm, and (4) possession of a firearm during a drug trafficking crime, all on December 2, 2004; and (5) possession with intent to distribute cocaine base, on February 11, 2005.

On June 13, 2005, Mr. Boyd pleaded guilty to the two counts of being a felon in possession of a firearm. Pursuant to the plea agreement, the district court dismissed the remaining counts of the indictment. A presentence report ("PSR") recommended a sentencing range of 151-188 months' imprisonment for the two counts, based in part on a base offense level tied to the amount of drugs that Mr. Boyd possessed on December 2, 2004 and February 11, 2005. An individual §

922(g) offense has a statutory maximum of 120 months' imprisonment.

On September 16, 2005, the district court sentenced Mr. Boyd to 151 months' imprisonment, followed by two years of supervised release. This sentence included (1) a 120-month term of imprisonment for the April 13, 2002 count of being a felon in possession of a firearm and (2) a 31-month term of imprisonment for the December 2, 2004 count of being a felon in possession of a firearm. The district court ordered the sentences to be served consecutively. At sentencing, the district court noted:

> Based upon all the factors, the Court, in considering both [18 U.S.C. § 3584], as well as Title 18 and the factors to consider in 3553(a), the Court also, while the sentencing guidelines are not mandatory at this time, the Court certainly gives great weight to . . . the guidelines, as well as the other factors which I mentioned in . . . Title 18.

Rec. vol. II, at 17 (Sent. Tr., dated Sept. 16, 2005).

## II. DISCUSSION

On appeal, Mr. Boyd contends that the district court erred (1) by giving "great weight" to the Sentencing Guidelines and (2) by not running the two counts concurrent to one another under 18 U.S.C. § 3584. We review de novo the district court's interpretation of a federal statute and application of the Sentencing Guidelines, and we review Mr. Boyd's sentence for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053-54 (10th Cir. 2006).

As to the Mr. Boyd's first argument, the district court stated it gave "great weight" to the Sentencing Guidelines, but it also clearly indicated that it was not bound by the Guidelines by recognizing that "the sentencing guidelines are not mandatory at this time." Rec. vol. II, at 17. The court's assignment of "great weight" to the Guidelines does not change the fact that it took notice of the advisory nature of the Guidelines and was aware of its sentencing discretion.

Further, the district court retained discretion under 18 U.S.C. § 3584(a) to impose consecutive terms of imprisonment on Mr. Boyd. That section provides that "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, . . . the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively." 18 U.S.C. § 3584(a). A district court considers the § 3553(a) factors when determining whether to impose concurrent or consecutive terms. *Id.* § 3584(b).

Mr. Boyd contends that the district court improperly relied on Section 5G1.2(d) of the Sentencing Guidelines when it applied § 3584(a). Section 5G1.2(d) states:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d). "[T]otal punishment" is the "combined length of the sentence" and "is determined by the court after determining the adjusted combined offense level and the Criminal History Category." *Id.* § 5G1.2 cmt. n.1.

When the district court imposed consecutive terms of imprisonment on Mr. Boyd, it recognized (1) its discretion under § 3584(a) to impose either consecutive or concurrent terms and (2) the advisory nature of the Guidelines. Further, the district court stated that it considered the factors under § 3553(a) before sentencing Mr. Boyd to 151 months' imprisonment, the lower end of the advisory Guidelines range. Our circuit has repeatedly held that a district court need not individually consider each § 3553(a) factor before issuing a sentence. *See United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005).

Moreover, "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness. This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Kristl*, 437 F.3d at 1054. Mr. Boyd has not rebutted this deferential standard, and the district court's sentence was thus reasonable.

### III. CONCLUSION

Accordingly, we AFFIRM the district court's sentence.

Entered for the Court,


Robert H. Henry,
Circuit Judge